UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

RICHARD-EDWARD LANE,                                       Case No. 1:25-cv-00559-MTK

        Plaintiff,                                                **OPINION AND ORDER**

    v.

MEDFORD OREGON CITY ATTORNEY'S
OFFICE and JACKSON COUNTY
DISTRICT ATTORNEY'S OFFICE,

        Defendants.

_____

**KASUBHAI,** United States District Judge:

    This matter comes before the Court on the Motions to Dismiss of Defendants Medford
City Attorney's Office and Jackson County District Attorney's Office, ECF Nos. 22, 26. For the
reasons that follow, Defendants' Motions are granted.

**BACKGROUND**

    On January 17, 2025, Plaintiff filed a Complaint against the Medford Police Department,
four officers of the Medford Police Department, and Senior Assistant Medford City Attorney
Garret Ramsey and asserted claims for violations of various constitutional rights, UCC 1-308,
and several criminal statutes related to a September 15, 2024 traffic stop and arrest for driving
under the influence. Case No. 1:25-cv-00093-MC, ECF No. 1. That matter was assigned to
United States District Judge Michael McShane.

On March 12, 2025, Judge McShane dismissed the matter on the basis that Plaintiff's Complaint presented claims that asked the Court to interfere with ongoing state proceedings for criminal charges stemming from Plaintiff's arrest.[1]

On April 7, 2025, Plaintiff filed a Complaint in this Court against the Medford City Attorney's Office ("MCAO") and the Jackson County District Attorney's Office ("JCDAO") asserting claims for violations of various criminal statutes, the UCC, the Federal Trade Commission Act ("FTC Act"), several constitutional amendments, the Declaration of Independence, and the Magna Carta.

Defendants move to dismiss Plaintiff's claims for improper service and for failure to state a claim.

## STANDARDS

### I.    Rule 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) provides that insufficient service of process is grounds for dismissal of a claim. A Rule 12(b)(5) motion "is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Cadet v. Overlake Hosp. Med. Ctr.*, No. 2:24-CV-01452-LK, 2025 WL 2337225, at *1 (W.D. Wash. Aug. 13, 2025). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc*., 840 F.2d 685, 688 (9th Cir. 1988); *see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Although courts have also held that Rule 4 is flexible and should be liberally

---

[1] Plaintiff's Jackson County criminal matter was ongoing at the time of this Opinion and Order.

construed if a party receives sufficient notice of the complaint and the defects in service are minor, *United Food & Com. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984), absent substantial compliance with the requirements of Rule 4, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). *See also Hensley v. Interstate Meat Distrib., Inc.*, No. 3:19-CV-0533-YY, 2020 WL 1677658, at *2 (D. Or. Jan. 10, 2020) (even for self-represented litigants, "[a] liberal construction of Rule 4 cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had") (quotation omitted)). "Once service is challenged, plaintiff[] bear[s] the burden of establishing that service was valid." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

## II.    Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "When reviewing a dismissal pursuant to Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes them "in the light most favorable to plaintiff." *Pino v. Cardone Cap., LLC,* 55 F.4th 1253, 1257 (9th Cir. 2022) (quotation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "'Threadbare recitals of the elements of a cause of action" do not suffice to state a claim." *Pino*, 55 F.4th at 1257 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

Courts must liberally construe pro se pleadings. *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020). Additionally, "[w]hen a plaintiff is *pro se* the district court is required to explain the deficiencies in a complaint, and only dismiss with prejudice if it is absolutely clear that the plaintiff could not cure the deficiencies by amendment." *Shavelson v. Hawaii C.R. Comm'n*, 740 F. App'x 532, 534 (9th Cir. 2018) (quotation omitted). *See also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quotation omitted); *Hundley v. Aranas*, No. 21-15757, 2023 WL 166421, at *2 (9th Cir. Jan. 12, 2023) (same).

## DISCUSSION

Defendants move to dismiss Plaintiff's claims on the bases of improper service and failure to state a claim.

## I.    Improper Service

Defendants assert that Plaintiff did not properly effect service because Plaintiff himself served Defendants. ECF Nos. 2, 3. Defendants are correct. Federal Rule of Civil Procedure 4(c)(2) provides "[a]ny person who is . . . not a party may serve a summons and complaint" and courts have consistently held that "a party cannot themselves effectuate service[.]" *Boose v. Musk*, No. 25-CV-03366-AMO, 2025 WL 1836652, at *2 (N.D. Cal. July 3, 2025) (citing *Smith*

*v. Tempe Honda*, 2010 WL 11627813, at *3 (D. Ariz. Mar. 31, 2010) (self represented plaintiff's personal delivery of the summons rendered service ineffective under Rule 4(c)(2)). Given this defect in service, the Court lacks jurisdiction over the Defendants.

"If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). If good cause is not established, the Court may extend time for service upon a showing of excusable neglect. *See Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013).

In its Case Management Order the Court advises self represented parties to refer to the Handbook for Self-Represented Parties for information and includes a hyperlink to that document. ECF No. 5, ¶ IX. The Handbook advises self represented parties that "[d]etailed instructions about how to serve a summons and complaint can be found in Federal Rule of Civil Procedure 4. If these instructions are not followed correctly, the case can be dismissed for failure to comply with Federal Rule of Civil Procedure 4." Handbook, 16. Plaintiff, therefore, was well advised as to where to find the requirements for service and the result of any failure to follow the service requirements. It has been more than 90 days since Plaintiff filed the Complaint. Plaintiff states in his Amended Notice of Actions Taken in Self Defense, "[i]f me personally serving [Defendants] is their valid reason for wanting to dismiss, I'll be filing a Formal Request to Amend the Summons pursuant FRCP 4(a)." ECF No. 36, 4. Plaintiff, however, provides no explanation for his failure to comply with Rule 4 much less good cause or excusable neglect.

When "service of process is found insufficient under Rule 4, '[t]he choice between dismissal and quashing service of process is in the district court's discretion.'" *S.J. v. Issaquah*

*Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (quoting *Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)). *See also In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) ("When a court determines that service of process is insufficient, it has broad discretion to either dismiss the action without prejudice or retain the case but quash the service of process."). For the reasons below, the Court finds that granting Plaintiff an extension of the Rule 4 time to serve and leave to properly serve Defendants would be futile. *See, e.g., Ouma v. Portland State Univ.*, No. 3:23-CV-01795-YY, 2024 WL 1181850, at *2 (D. Or. Feb. 26, 2024), report and recommendation adopted, No. 3:23-CV-01795-YY, 2024 WL 1177187 (D. Or. Mar. 19, 2024) (declining to quash service and give leave to reserve because the complaint did not state a claim); *Johnston v. ADT LLC,* No. 3:15-CV-01396-SI, 2015 WL 7722415, at *5 (D. Or. Nov. 30, 2015) (declining to exercise discretion to quash service because service of summons would now be outside the statute of limitations and the plaintiff's claim is preempted by statute).

## II.    Failure to State a Claim

### A.    Claims under Title 18

Plaintiff asserts Defendants violated 18 U.S.C. §§ 241, 242, 912, and 1001. Title 18, however, governs federal crimes and, with limited exceptions not applicable here, does not provide a private right of action for civil litigants. *See, e.g., Coffey v. Edwards*, No. 2:25-CV-2584-DJC-JDP (PS), 2025 WL 2710584, at *1 (E.D. Cal. Sept. 23, 2025) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Plaintiff makes passing reference to Title 18 U.S.C. § 242, but federal criminal statutes do not provide private rights of action."); *Enterprises, LLC v. Litwin*, 2017 WL 2841212, *2 (D. Ariz. 2017) ("Title18 governs federal crimes and, with limited exceptions not implicated by the pleadings, does not provide a private right of action for

civil litigants."); *Weissleader v. Am. Kennel Club*, 128 F. App'x 606, 607 (9th Cir. 2005) (the

plaintiff's "Title 18 claims failed because they [do not] offer a private right of action.").

      **B.**      **Claims under UCC 1-304 and 1-308**

      Plaintiff alleges Defendants violated UCC 1-304 and 1-308 in an unspecified manner.

UCC 1-304 provides: "Every contract or duty within the Uniform Commercial Code imposes an

obligation of good faith in its performance and enforcement." UCC 1-308(a) provides: "A party

that with explicit reservation of rights performs or promises performance or assents to

performance in a manner demanded or offered by the other party does not thereby prejudice the

rights reserved." The UCC's purpose, however, is "to simplify, clarify, and modernize the law

governing commercial transactions." UCC, § 1-103(a)(1). Plaintiff does not allege, nor do the

facts support an inference of any commercial transaction, therefore, Plaintiff has not established

that the UCC applies. *See United States v. Davis*, No. 2:09-CR-78 JCM, 2010 WL 4386960, at

*1 (D. Nev. Oct. 29, 2010) ("since there is no valid sales contract or commercial transaction,

UCC § 1–308 does not apply."). In addition, although neither the Ninth Circuit nor district courts

in the Ninth Circuit have addressed the question, courts that have addressed the issue have

concluded that civil rights actions and actions to enforce constitutional rights "are simply not

'commercial transactions.'" *Pinckney v. United States*, No. CV 9:20-2867-BHH-MHC, 2020 WL

7407138, at *3 (D.S.C. Nov. 5, 2020), report and recommendation adopted, No. CV 9:20-2867-

BHH, 2020 WL 7398703 (D.S.C. Dec. 17, 2020). *See also Bey v. Jefferson*, No. 2:17-1007-

RMG-MGB, 2017 WL 9250348 (D.S.C. Apr. 24, 2017), report and recommendation adopted,

2017 WL 1956979 (D.S.C. May 11, 2017) (same).

/ / /

/ / /

### C.    FTC Act

Plaintiff asserts Defendants violated the FTC Act "by pretending, and presenting yourself as a licensed attorney when there is no such thing." Compl., ECF No. 1, Attachment 2, 2. "[T]he Fair Trade Commission Act[, however,] does not provide for a private right of action." *Malifrando v. Real Time Resols., Inc*., No. 216CV0223TLNGGHPS, 2016 WL 3753323, at *5 (E.D. Cal. July 14, 2016), report and recommendation adopted, 2016 WL 4368123 (E.D. Cal. Aug. 16, 2016) (citing *Gardner v. Nationstar Mortg. LLC*, 2015 WL 1405539, at *8 (E.D. Cal. Mar. 26, 2015); *Johnson v. Bank of Am.,* 2015 WL 7776808, at *4 (C.D. Cal. Nov. 30, 2015)). "Only the Federal Trade Commission may file an action to protect against unfair trade practices." *Id*. (citing *Carlson v. Coca-Cola Co*., 483 F.2d 279, 280 (9th Cir. 1973) ("The protection against unfair trade practices afforded by the Act vests initial remedial power solely in the Federal Trade Commission."); *Lemon v. Bear Stearns Residential Mortg. Corp*., 2012 WL 2395169, at *5 (C.D. Cal. Jun. 25, 2012)).

### D.    Constitutional Articles

In section 1.27 of his Complaint Plaintiff lists "Article VI: Supremacy Clause," "Article III §2 c2.2: Supreme Court has subject matter jurisdiction anytime the state wants to be a party," and "Article IV §4: guarantees a republican form of government" as constitutional violations, but he does not state any facts in support of these claims. Even if Plaintiff provided facts in support of these claims, "[t]he Supremacy Clause does not provide an independent cause of action." *Johnson v. Brown*, 567 F. Supp. 3d 1230, 1255 (D. Or. 2021) (citing *Armstrong v. Exceptional Child Ctr., Inc*., 575 U.S. 320, 324-25 (2015) ("the Supremacy Clause is not the source of any federal rights, and certainly does not create a cause of action.") (cleaned up)). Similarly, the Supreme Court has concluded "the Guarantee Clause does not provide the basis for a justiciable

claim." *Vent v. Fletcher*, No. 322CV01651RBMDDL, 2022 WL 16557622, at *2 (S.D. Cal. Oct. 28, 2022) (citing *Rucho v. Common Cause*, 139 S. Ct. 2484, 2506 (2019)). Finally, Plaintiff does not cite, nor can this Court find, any authority suggesting that Article III, § 2 provides a substantive cause of action or right to relief.

### E.     Declaration of Independence and Magna Carta

Plaintiff alleges Defendants are "in violation of the Declaration of Independence and the Magna Carta." Compl., Attachment 2, 4. "The Declaration of Independence[, however,] is not a federal law, is not part of the Constitution, and does not give rise to a federal civil rights action." *Elias v. Chisolm*, 2:19-cv-05501-MWF-JC, 2020 WL 10051520, at *8 n.2 (C.D. Cal. Sept. 6, 2020). *See also Walters v. Lombardo*, No. 2:24-CV-02040-APG-MDC, 2024 WL 5200575, at *3 (D. Nev. Dec. 20, 2024) (same); *Senator v. Sentman*, No. SA CV-10-1600-SVW (PLA), 2013 WL 12244452, at *19 (C.D. Cal. Apr. 10, 2013) (collecting cases)). Similarly, "[r]emedy cannot be sought under the Magna Carta. Claims for relief must be grounded in the law of the United States or, in diversity jurisdiction, the law of a state. The Magna Carta, revered though it may be in history, is not law supporting a claim for relief." *Rowen v. Prasifka*, No. 23-CV-02806-DMR, 2024 WL 3228092, at *9 n.8 (N.D. Cal. June 28, 2024) (citing *Olajide v. Newsome*, No. C 19-08048 WHA, 2020 WL 1171127, at *1 (N.D. Cal. Mar. 11, 2020)).

### F.     Absolute Law and/or Natural Law

In section 1.28 of his Complaint Plaintiff merely states "Absolute Law and/or Natural Law violations." Plaintiff provides no explanation of this claim or facts to support it. In addition, Plaintiff does not cite, nor can this Court find, any authority recognizing a violation of absolute or natural law as a viable cause of action. *See, e.g., Williams-McDaniel v. Nissan Motor Acceptance Corp.*, No. 1:22-CV-04518-ELR, 2023 WL 9181262, at *2 (N.D. Ga. July 31, 2023)

("violation of common/natural law" . . . [is] not recognized [a] cause[] of action in any American context of which the Court is aware."); *Vidurek v. Cuomo*, No. 118CV392MADTWD, 2019 WL 2569648, at \*2 (N.D.N.Y. June 21, 2019) ("Plaintiffs' arguments based on . . . natural law provide no basis for relief in federal court.)

### G.     Constitutional Claims

In section 1.25 of the Complaint Plaintiff alleges Defendants have violated his Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights as follows:

**5th amendment violation**: for due process & For Attempting to setup an unfair Bias court proceeding with no subject matter jurisdiction; which I can only presume the arraignment was going to be a frame job with the city attorney's office, to interfere with my federal civil claim.

**6th amendment violation**: Right to have counsel where their duty to my natural rights is before the courts integrity. Also never responding to my refuse for cause, proving you didn't have subject matter jurisdiction and still wanted to proceed with vertical overcharging as retaliation.

**8th amendment violation**: As everyone who participated in the organized harassment is guilty of Cruel and Unusual Punishment to my living man, No one deserves what happened to me.

**13th amendment violation**: Trying to enslave my living man with no contract held, and no true crime with all 3 elements with a true living injured party and/or living complainant, damaged property, theft, loss of finances due to my actions, fraud. (You cannot charge someone in the private sector with commerce violations).

**14th amendment violation**:
Due process: States cannot deprive citizens of life, liberty, or property without due process of law.

**Disqualification from office**: People who have engaged in insurrection or rebellion against the United States cannot hold public office without approval from congress (That means stepping out of your capacity and disregarding the Constitution of These United States).

Compl. 9-10.

There is no direct cause of action under the United States Constitution, A litigant complaining of a violation of a constitutional right must proceed under 42 U.S.C. § 1983. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001); *Azul–Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."); *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981) (holding that the plaintiff had no direct cause of action under the Constitution). The Court, therefore, construes Plaintiff's claims as brought pursuant to § 1983.

1. Claims against JCDAO

Claims under § 1983 are limited by the scope of the Eleventh Amendment. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 70-71 (1989) ("States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not "persons" under § 1983). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States[.]" U.S. Const. amend. XI. "In general, the Eleventh Amendment shields nonconsenting states from suits for monetary damages brought by private individuals in federal court." *N.E. Med. Servs., Inc. v. Cal. Dep't of Health Care Servs., Health and Human Servs. Agency, State of Ca.*, 712 F.3d 461, 466 (9th Cir. 2013). "States [and] governmental entities that are considered 'arms of the state' . . . are entitled to Eleventh Amendment Immunity and are not considered 'persons' for purposes of 42 U.S.C. § 1983." *Neri v. Cnty. of Stanislaus Dist. Att'ys Off.*, No. 1:10-cv-823 AWI GSA, 2010 WL 3582575, at *4 (E.D. Cal. Sept. 9, 2010) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989)).

Oregon courts have held that "'district attorneys are officers of the state and of the counties within their respective districts,' and will 'constitute a state entity where the district attorney acts on behalf of the state, not a county entity.'" *Est. of Duncan v. Wallowa Cnty. Sheriff's Dep't*, No. 2:19-CV-02017-SU, 2020 WL 13749990, at *7 (D. Or. Oct. 27, 2020), report and recommendation adopted, No. 2:19-CV-02017-SU, 2020 WL 13750038 (D. Or. Nov. 19, 2020) (quoting *Ashbough v. Yamhill Cnty.*, Case No. 3:17-cv-1038-JR, 2019 WL 7879745, at *9 (D. Or. Aug. 13, 2019). *See also Ouma v. Clackamas Cnty.*, No. 3:12–cv–01465–HZ, 2014 WL 1874051, at *3 (D. Or. May 7, 2014) ("The District Attorney's Office is an arm of the State, not the county."); *Rauch v. Columbia Cnty.*, No. CV 05–914–HA, 2005 WL 2104586 (D. Or. Aug. 29, 2005) ("District attorneys are state, not local, officials, *see generally* Oregon Revised Statute Chapter 8[.]"); *Quintero v. Suver*, No. 6:13-CV-01739-PK, 2014 WL 5261451, at *3 (D. Or. Oct. 15, 2014) (same). In *Todd v. Boyd*, the court held that the Klamath County District Attorney's Office was entitled to Eleventh Amendment immunity as to the plaintiff's § 1983 claim that concerned "conduct when its deputy district attorneys were acting as arms of the state to prosecute state crimes." No. 3:19-CV-02029-HZ, 2021 WL 1197789, at *6 (D. Or. Mar. 29, 2021). Similarly, in *Cannon v. Polk County District Attorney*, the Ninth Circuit affirmed "the dismissal of the Polk County District Attorney's office . . . because it is entitled to Eleventh Amendment immunity, since 'DAs . . . act as state officials . . . when acting in their prosecutorial capacity.'" 501 F. App'x 611, 613 (D. Or. 2012) (quoting *Del Campo v. Kennedy*, 517 F.3d 1070, 1073 (9th Cir. 2008)). The Ninth Circuit has also held that a district attorney's office is entitled to Eleventh Amendment immunity for actions taken in its prosecutorial capacity. *Davis v. San Diego Dist. Att'y*, 765 F. App'x 409 (9th Cir. 2019) (citing *Jackson v. Barnes*, 749 F.3d

755, 767 (9th Cir. 2014) (district attorney's office acts as a state office as to actions taken in its prosecutorial capacity and is not subject to suit under § 1983).

In his Statement of Claim all of the facts that Plaintiff alleges in connection with the JCDAO relate to the decision to prosecute and prosecution of the criminal charge arising from Plaintiff's September 2024 arrest. For example, Plaintiff alleges: "[A] few days later the D.A. decides to prosecute the unlawful incident"; the "D.A.'s arraignment letter" did not state "which D.A. [was] on the case" or "the severity of the claim for charge being brought"; the letter did not state that Plaintiff "should appear at," which made his arraignment "appear optional, yet they were wiling to set a [*sic*] unlawful arrest warrant for [Plaintiff's] false enslavement if [he] did not show"; even though Plaintiff sent the D.A. a "Refuse for Cause letter" "they still wanted to unlawfully vertically overcharge" Plaintiff; and "they timed the arraignment extremely fast." Compl., Attachment 3, 2-3. All of these allegations relate to actions taken by JCDAO in its prosecutorial capacity and, therefore, it is shielded from Plaintiffs' § 1983 claims by Eleventh Amendment immunity.

     2.  <u>Claims against the MCAO</u>

Although Plaintiff states in his Complaint that his claims in this matter are "for 100% separate actions than my 1st claim 1:25-00093-MC," Compl., Attachment 3, 1, each of the violations stated in section 1.25 relate to the alleged actions of Defendants in connection with Plaintiff's pending Jackson County Court criminal case. For example, Plaintiff's Fifth Amendment claim asserts his arraignment for his pending criminal case "was going to be a frame up job," Plaintiff's Sixth Amendment claim asserts Defendants "did have subject matter jurisdiction and still wanted to proceed with vertical overcharging" in his criminal case, his Fourteenth Amendment claim asserts a lack of due process presumably in his criminal case.

Plaintiff's criminal case, however, is still ongoing. As Judge McShane explained, *Heck v. Humphrey*, 512 U.S. 477 (1994); *Colorado River Conservation District v. United States*, 424 U.S. 800 (1976); and *Younger v. Harris,* 401 U.S. 37 (1971), require this Court to abstain from reaching Plaintiff's constitutional claims because any decision by this Court might "interfere with ongoing state court proceedings or prematurely resolve issues that will be impacted by those proceedings." Case No. 25-cv-00093-MC, ECF No. 43, 3. The Court, therefore, should abstain from reaching Plaintiff's constitutional claims.

In summary, service of process was insufficient; service at this time would be untimely absent an extension by the Court; Plaintiff has not established good cause or excusable neglect; and Plaintiff has not stated, and cannot state, a claim, therefore, service would be futile. Accordingly, the Court, in the exercise of its discretion, dismisses this matter.

## CONCLUSION

For the reasons discussed above, Defendants' Motions to Dismiss (ECF Nos. 22, 26) are GRANTED.

DATED this 29th day of October 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge